Matter of Attorneys in Violation of Judiciary Law § 468-a (Pelletreau) (2025 NY Slip Op 00367)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Pelletreau)

2025 NY Slip Op 00367

Decided on January 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 23, 2025

PM-21-25
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Elizabeth Anne Pelletreau, Respondent. (Attorney Registration No. 4029435.)

Calendar Date:December 23, 2024

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Emery Celli Brinckerhoff Abady Ward & Maazel LLP, New York City (Hal R. Lieberman of counsel), for respondent.

Motion by respondent for an order reinstating her to the practice of law following her suspension by January 2014 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1047 [3d Dept 2014]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16).
Upon reading respondent's notice of motion and affidavit with exhibits sworn to November 20, 2024 and the December 20, 2024 responsive correspondence from the Attorney Grievance Committee for the Third Judicial Department, and having determined, by clear and convincing evidence, that (1) respondent has complied with the order of suspension and the rules of this Court, (2) respondent has the requisite character and fitness to practice law, and (3) it would be in the public interest to reinstate respondent to the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]),[FN1] it is
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately.
Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.

Footnotes

Footnote 1: Respondent has requested a waiver of the continuing legal education requirements of Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (5) in light of the fact that she has not practiced law since her 2002 admission, does not intend to practice law in the future and has retroactively registered as "retired" from the practice of law since 2004 (Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [g]). Although we have granted respondent's request for a waiver under the particular circumstances presented, we note that such a waiver is ordinarily not available in the absence of a formal application for leave to resign from the bar (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22) submitted in conjunction with the respondent's application for reinstatement (see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Hsu], 227 AD3d 1318, 1319 n [3d Dept 2024]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Aidala], 226 AD3d 1296, 1296 n [3d Dept 2024]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [Plant], 226 AD3d 1300, 1301 n [3d Dept 2024]).